UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONNA GENSCHORCK,<br><br>                    Plaintiff,<br><br>     v.<br><br>SUTTELL & HAMMER, P.S.,<br>NICHOLAS FILER and JANE DOE<br>FILER, husband and wife; and<br>AMERICAN EXPRESS CENTURION<br>BANK,<br><br>                  Defendant. | NO: 12-CV-0615-TOR<br><br>ORDER GRANTING DEFENDANTS'<br>MOTIONS FOR SUMMARY<br>JUDGMENT AND GRANTING<br>PLAINTIFF'S MOTION FOR<br>JUDGMENT ON THE PLEADINGS |

BEFORE THE COURT are Defendant American Express Centurion Bank's Motion for Summary Judgment (ECF No. 23); Defendants Suttell & Hammer and Filer's Motion for Summary Judgment (ECF No. 24); and Plaintiff's Motion for Judgment on the Pleadings Against Suttell & Hammer and Nicolas Filer and Jane Doe Filer (ECF No. 27). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS ~ 1

BACKGROUND

Plaintiff Donna Genschorck ("Genschorck") sued Defendants for violations of the Fair Debt Collection Practices Act, the Washington Consumer Protection Act, the Washington Collection Agency Act, and wrongful garnishment. Defendants American Express Centurion Bank ("American Express") and Suttell & Hammer, Nicolas Filer and Jane Doe Filer (collectively, "Suttell and Filer") filed motions for summary judgment, and Plaintiff filed a motion for judgment on the pleadings.

FACTS[1]

Genschorck was unable to pay her credit card debt owed to American Express; American Express sued her in state court and obtained a default judgment and writs of garnishment. ECF No. 25 at 1-2. The default judgment was challenged in state court and ultimately vacated on February 3, 2011. ECF No. 39 at 2; ECF No. 40-6 at 4. The state court ordered all clouds on the title to Plaintiff's property removed and the garnished money returned to her. *Id*. American Express

---

[1] The following facts are drawn from Plaintiff's complaint, Defendants' statement of undisputed facts (ECF No. 25), Plaintiff's response to defendants' statement of facts (ECF No. 39) and accompanying exhibits, and are accepted as true for purposes of the instant motion.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 2

1  returned Genschorck's money. *Id*.; ECF No. 25 at 2. The state court action was

2  dismissed on March 29, 2011. ECF No. 40-6 at 4.

3      Thereafter, in March 2012, Suttell and Filer[2] prepared and filed garnishment

4  papers in the dismissed case, in which they erroneously represented that American

5  Express had an unpaid judgment against Genschorck. ECF No. 25 at 3. They also

6  misrepresented that the garnishee, American West Bank, was not Genschorck's

7  employer. ECF No. 39 at 3. They had no contact with Genschorck outside of the

8  court papers. ECF No. 25 at 5. Genschorck learned on April 2, 2013, that her

9  paycheck from her employer, American West Bank, which was due to be paid on

10  April 13, 2012, would be garnished. ECF No. 39 at 4. She also learned that the

11  contents of her deposit accounts at American West Bank were frozen. *Id*. That

12  same day, Genschorck contacted one of her attorneys from the prior state court

13  action and met with him on April 3, 2012. ECF No. 25 at 3. However, it was not

14  until April 17 that Genschorck's attorney called Filer to notify him of an

15

16  [2] While there is some confusion as to how Suttell came to represent American

17  Express in this matter, American Express does not dispute that Suttell was its law

18  firm in this case. ECF No. 25 at 3 (Suttell says it was "retained by American

19  Express."); ECF No. 40-3 at 4 (American Express admits it "did not directly retain

20  the law firm of Suttell & Hammer, P.S.").

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS ~ 3

emergency motion to quash the writ.  ECF No. 25 at 4.  That day, the state court

ordered the garnishments quashed.  ECF No. 25 at 4; ECF No. 39 at 4.  Plaintiff's

money was restored, and in May 2012, the state court awarded her attorney's fees

in the amount of $9,250.45.  ECF No. 40-5 at 4.

 After the present lawsuit was filed, on January 17, 2013, Defendants Suttell

and Filer paid Plaintiff the maximum $2,000 in statutory damages allowed by the

FDCPA.  ECF No. 29 at 2; ECF No. 41 at 7.

DISCUSSION

**A. Defendants' Motions for Summary Judgment (ECF Nos. 23 and 24)**

 The Court may grant summary judgment in favor of a moving party who

demonstrates "that there is no genuine dispute as to any material fact and that the

movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  In ruling

on a motion for summary judgment, the court must only consider admissible

evidence.  *Orr v. Bank of America, NT & SA*, 285 F.3d 764 (9th Cir. 2002).  The

party moving for summary judgment bears the initial burden of showing the

absence of any genuine issues of material fact.  *Celotex Corp. v. Catrett*, 477 U.S.

317, 323 (1986).  The burden then shifts to the non-moving party to identify

specific facts showing there is a genuine issue of material fact.  *See Anderson v.*

*Liberty Lobby, Inc.*, 477 U.S. 242, 256 (1986).  "The mere existence of a scintilla

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS ~ 4

of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Id.* at 252.

For purposes of summary judgment, a fact is "material" if it might affect the outcome of the suit under the governing law. *Id.* at 248. Further, a dispute over a material fact is "genuine" only where the evidence is such that a reasonable jury could find in favor of the non-moving party. *Id.* The Court views the facts, and all rational inferences therefrom, in the light most favorable to the non-moving party. *Scott v. Harris*, 550 U.S. 372, 378 (2007).

1. Defendants Suttell's and Filer's Motion for Summary Judgment (ECF No. 24)

Defendants Suttell and Filer argue that Plaintiff has no Washington Consumer Protection ("WCPA") claim against them because, inter alia, Plaintiff cannot recover for claims arising from the Defendants' legal work under the WCPA. ECF No. 24 at 8-9. Defendants Suttell and Filer further contend that Plaintiff has no claim under the Washington Collection Agency Act ("WCAA") because it provides no private cause of action. *Id.* at 12. Defendants Suttell and Filer then argue that Plaintiff has no compensable emotional distress. *Id.* at 13. Defendants also maintain that they are not liable for any distress caused by the existence of a writ after April 2 or 3. *Id.* at 16.

///

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 5

i.   **WCPA Claim**

The WCPA provides that "[u]nfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce are… unlawful." RCW § 19.86.020.  "[T]o prevail in a private CPA action…a plaintiff must establish five distinct elements: (1) unfair or deceptive act or practice; (2) occurring in trade or commerce; (3) public interest impact; (4) injury to plaintiff in his or her business or property; (5) causation."  *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co*., 105 Wash.2d 778, 780 (1986).

This claim turns on whether the actions giving rise to the alleged liability occurred in trade or commerce.  Suttell and Filer argue that Plaintiff's claim concerns Suttell's legal practice, which does not constitute "trade" and "commerce" under the second element required to prevail under the WCPA. "'Trade' and 'commerce' shall include the sale of assets or services, and any commerce directly or indirectly affecting the people of the state of Washington." RCW § 19.86.010(2).  Claims directed to a lawyer's competence, or strategy employed, do not satisfy the WCPA's "trade or commerce" element; however, certain "entrepreneurial aspects of legal practice" may fall within the WCPA's "trade or commerce" definition. *Michael v. Mosquera–Lacy,* 165 Wash.2d 595, 603 (2009).  These entrepreneurial aspects include how the price of legal services is determined, billed and collected and the way a law firm obtains, retains, and

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 6

dismisses clients. *Short v. Demopolis,* 103 Wash.2d 52, 61 (1984); *Quinn v. Connelly,* 63 Wash.App. 733, 742 (1992). "Claims directed at the competence of and strategies employed by a professional amount to allegations of negligence [or malpractice] and are exempt from the Consumer Protection Act." *Ramos v. Arnold*, 141 Wash. App. 11, 20 (2007) (citing *Short,* 103 Wash. 2d at 61–62).

Here Suttell and Filer's blunder in filing for a garnishment based on a vacated judgment implicate a core practice of the law, the filing of pleadings. It does not concern any entrepreneurial aspect of the practice, and therefore does not impact trade and commerce as those concepts are used in the WCPA.

### ii.    WCAA Claim

Next, Defendants Suttell and Filer contend that Plaintiff has no claim under the WCAA because it provides no private cause of action. ECF No. 24 at 12.

The WCAA, which bars persons from acting as a collection agency without a license, does not provide a private right of action on its own. *Paris v. Steinberg & Steinberg,* 828 F.Supp.2d 1212, 1218 (W.D. Wash. 2011); *Connelly v. Puget Sound Collections, Inc.,* 16 Wash. App. 62, 65 (1976) (it appears that only the attorney general or the local prosecuting attorney 'may bring an action' to restrain a violation of that act).

Violations of the WCAA "are declared to be unfair acts or practices or unfair methods of competition in the conduct of trade or commerce for the purposes of

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 7

the application" of the CPA.  RCW 19.16.440.  The remedy for a WCAA violation

is through the WCPA—a concept which Plaintiff acknowledges in her response to

Defendants' motion for summary judgment.  ECF No. 41 at 2.  "When a violation

of debt collection regulations occurs, it constitutes a per se violation of the CPA…

reflecting the public policy significance of this industry."  *Panag v. Farmers Ins.*

*Co. of Washington*, 166 Wash.2d 27, 53 (2009).

Because Plaintiff's WCPA cause of action fails, as explained above, so too

does her WCAA based claim.  The Court declines to decide whether Defendants'

other defenses to violations of the WCAA would also apply.

### iii.    FDCPA Claim

Defendants contend that the only remaining element of damages Plaintiff

seeks is for emotional distress.[3]  ECF No. 24 at 6. Defendants argue that Plaintiff

has not demonstrated sufficient evidence of emotional distress to sustain an award

of emotional distress damages under the FDCPA.  *Id*.  In a closely related

argument, Suttell and Filer also contend that, even if Plaintiff had shown sufficient

emotional distress, they should not be liable for any damages incurred after April 2

---

[3] Defendants Suttell and Filer also confess they have liability for fees and costs

reasonably incurred in bringing this case and securing the statutory damages."

ECF No. 24 at 13.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS ~ 8

or 3, when Genschorck became aware of and alerted her counsel to the unlawful

garnishment.  ECF No. 24 at 16.  Defendants contend that any damages after that

time were incurred by Plaintiff's failure to avoid the consequences, or mitigate her

damages, by contacting Suttell and informing them that the garnishment was

unsupported by a judgment.  *Id*.  They claim that the evidence is clear that they

would have released the garnishment immediately upon notification, as they in fact

did.  *Id*.

The avoidable consequences doctrine has been applied to federal statutory

violations.[4]  *See e.g., Pennsylvania State Police v. Suders*, 542 U.S. 129, 146

(2004) (in Title VII actions, the *Ellerth/Faragher* affirmative defense borrows

from tort law the avoidable consequences doctrine by requiring plaintiffs

reasonably to stave off avoidable harm).  Victims have a duty to use such means as

are reasonable under the circumstances to avoid or minimize the damages that

result from violations of the statute.  *Id*. (citations and quotations omitted).  The

defendant has burden of persuading factfinder "plaintiff could reasonably have

reduced his loss or avoided injurious consequences."  *Id*. (citation omitted).

---

[4] The doctrine of avoidable consequences applies to damage actions authorized by
the WCPA.  *Young v. Whidbey Island Bd. of Realtors*, 96 Wash. 2d 729, 733
(1982).  Under this doctrine, the injured party has a duty to mitigate his damages
by such means as are reasonable.  *See id*. at 732.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS ~ 9

Here, Plaintiff met with her attorney ten days before her paycheck was garnished, but did not contact Suttell until four days <u>after</u> the garnishment.  ECF No. 25 at 3-4.  Had she contacted Suttell, Nicholas Filer alleges in his declaration that they would have taken steps to release the wrongful garnishment immediately. ECF No. 28 at 2.  Therefore, it appears that Plaintiff's counsel could have taken the very reasonable step of placing a telephone call to mitigate Plaintiff's damages— and in fact prevent the garnishment from occurring in the first place.  Plaintiff offers no genuine issue of material fact to dispute this assertion; indeed, Plaintiff offers no facts to dispute this assertion.  Plaintiff is not allowed to compound her damages by waiting for the garnishment to take effect.  Accordingly, Suttell's and Filer's request to limit Plaintiff's damages to those before she or her attorney reasonably could have called Suttell on April 3, 2012, is granted.

However, Plaintiff has not shown sufficient evidence of emotional distress even during that short period. Under the FDCPA, the plaintiff may recover for "any actual damage sustained" as a result of the violations.  15 U.S.C. § 1692k(a)(1).  The Ninth Circuit has not ruled on what level of proof is required to recover for emotional distress and district courts have issued conflicting decisions.  Some district courts require plaintiffs to prove the equivalent of a state intentional infliction of emotional distress tort, while others impose a lesser burden.  *Compare Costa v. Nat'l Action Fin. Serv.*, 634 F.Supp.2d 1069, 1078

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 10

(E.D. Cal. 2007) (finding state tort elements the lodestar, "extreme and

outrageous" conduct causing "severe emotional distress") *with Riley v. Giguiere,*

631 F.Supp.2d 1295, 1315 (E.D. Cal. 2009) (finding that the standard should

mirror the Fair Credit Reporting Act's requirement that a plaintiff show he actually

suffered symptoms of emotional distress).  All courts seem to agree that plaintiffs

must demonstrate more than "transitory symptoms of emotional distress and

unsupported self-serving testimony."  *Costa*, 634 F.Supp.2d at 1078-80; *see also In

re Dawson*, 390 F.3d 1139, 1149 (9th Cir. 2004) (fleeting or trivial anxiety or

distress does not suffice to support an award for violation of automatic stay in

bankruptcy).

The FDCPA is a federal law, and applying state tort elements state-by-state

would produce inconsistent results.  The Court finds persuasive the district court's

approach in *Riley*:

> Under the FDCPA, the plaintiff may recover for "any actual damage
> sustained" as a result of the violations. 15 U.S.C. § 1692k(a)(1). In
> considering the proof required to substantiate a damage award for
> violations of the FDCPA, courts have noted the statute's similarity to
> the Fair Credit Reporting Act (FCRA). *See Costa,* 2007 WL 4526510
> at *7; *Panahiasl,* 2007 WL 738642 at *1–2; *Smith v. Law Offices of
> Mitchell N. Kay,* 124 B.R. 182, 185 (D.Del. 1991). Like the FDCPA,
> the F[C]RA has the purpose of protecting consumers from unfair
> practices. *See* 15 U.S.C. § 1681 (FCRA statement of purpose). The
> damages provision of the FCRA is virtually identical to that of the
> FCDPA, providing that a person who negligently or willfully fails to
> comply with the provisions of the statute is liable for "any actual
> damages sustained by the consumer." 15 U.S.C. §§ 1681n, 1681o; *see*

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS ~ 11

*also* 15 U.S.C. § 1692k(a)(1) (damage provision of the FDCPA). The Ninth Circuit has held that "actual damages" under the FCRA includes recovery for "emotional distress and humiliation." *Guimond v. Trans Union Credit Info. Co.,* 45 F.3d 1329, 1333 (9th Cir. 1995). In reaching this conclusion, it relied on decisions of the Fifth and Eighth Circuit Courts of Appeals, which had held that emotional distress damages were compensable under the FCRA upon plaintiff's showing that he actually suffered symptoms of emotional distress. *Id.,* citing *Johnson v. Dep't of Treasury, I.R.S.,* 700 F.2d 971 (5th Cir. 1983) and *Millstone v. O'Hanlon Reports, Inc.,* 528 F.2d 829 (8th Cir. 1976).

The court can find no reason why the same standard would not apply to the damages provision of the FDCPA. Both statutes have similar purposes and both include identical provisions regarding a plaintiff's recovery for actual damages….[T]he FCRA has the same requirement [for definable actual damages] and the Ninth Circuit held that this standard is met simply by plaintiff tendering evidence of his actual emotional distress, without incorporating the state law's tort elements. *See Guimond,* 45 F.3d at 1333.

*Riley*, 631 F.Supp.2d at 1315.  Accordingly, Plaintiff must come forward with "evidence of [her] actual emotional distress" in order to defeat Defendants' motion for summary judgment.  Plaintiff must demonstrate more than "transitory symptoms of emotional distress and unsupported self-serving testimony."

Defendants argue that Plaintiff has not demonstrated sufficient evidence of emotional distress to sustain an award of emotional distress damages, citing to Plaintiff's deposition transcript.  ECF No. 25 at 6; ECF 29-1.  Plaintiff concedes that her only claim for damages was for emotional distress associated with the wrongful garnishments.  ECF No. 29-1 at 3.  She stated that it is "an embarrassment at work. . . because I have to look at those people that know this."

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 12

1    *Id*. at 18.  In describing her distress, she stated that "You learn that you have no

2    funds. You have no way to drive to work because you can't put gas in your car.

3    You can't pick up a prescription from the drug store.  You have bills to pay.  And

4    where is the money going to come from?  How can they come in and just take your

5    money from you?" *Id*. at 21.  She was asked if she was angry and upset and

6    responded, "correct." *Id*.  She expressed that she is "mortified by it, because I still

7    have to face those people in my office.  It's embarrassing." *Id*. at 22.  She admits

8    she has no witnesses to testify in support of her distress claim. *Id*.

9        Plaintiff does not dispute these assertions.  Plaintiff countered Defendant's

10   motion for summary judgment on this issue by attaching four of the same pages

11   from the transcript that Defendant's offered.  ECF No. 40-4.  One of those pages

12   reflect that Plaintiff was asked if it was a source of distress or anxiety that there's

13   an unpaid credit card account. . . that you didn't pay on, to which she answered,

14   "the anxiety and stress is that American Express—I tried to work out with them to

15   pay my debt.  They did not want to work this out. . ." ECF No. 40-4 at 2.  Plaintiff

16   does not otherwise address the claimed insufficiency of her proof of emotional

17   distress.

18       Here, the only evidence of plaintiff's emotional distress is her own

19   testimony, and this evidence demonstrates that her alleged emotional distress was

20   transitory in nature and of the type not recoverable under the FDCPA.  While

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS ~ 13

plaintiff is not required to present expert testimony in support of her claim, she

failed to produce anything other than her uncorroborated testimony to establish

emotional distress.  The types of evidence necessary to support a claim for

emotional distress damages includes "corroborating testimony or medical or

psychological evidence in support of the damage award."  *Costa*, 634 F.Supp.2d at

1080 (citation omitted); *see also In re Dawson*, 390 F.3d 1139, 1149 (9th Cir.

2004) (noting "[n]on-experts, such as family members, friends, or co-workers, may

testify to manifestations of mental anguish and clearly establish that significant

emotional harm occurred").

Plaintiff has completely failed to identify any specific facts showing there is

a genuine issue of material fact for the jury.  She has not come forward with

anything more than an unadorned claim to have been harmed.  Given the lack of

any evidence of emotional distress, combined with the uncontroverted application

of the avoidable consequences doctrine, plaintiff's emotional distress damage claim

cannot go forward.

2. <u>Defendant American Express Centurion Bank's Motion for Summary</u>
<u>Judgment (ECF No. 23)</u>

Defendant American Express contends that Plaintiff's WCPA claim fails

because, *inter alia*, the alleged acts did not occur in trade or commerce.  ECF No.

23 at 4-5.  Plaintiff's claims against American Express arise out of the same set of

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS ~ 14

facts giving rise to her claims against Suttell and Filer: the filing of the wrongful garnishment paperwork.  American Express's argument against Plaintiff's WCPA claim is identical to those set forth in Suttell and Filer's motion for summary judgment, and it succeeds for the same reason.

American Express further contends that Genschorck's wrongful garnishment claim fails because emotional distress damages are not allowed.  ECF No. 23 at 7-9.  As discussed above, Plaintiff's only claim for damages involves emotional distress.  However, recovery for mental distress is generally not allowed in a tort against property.  *McGill v. W. P. Fuller & Co.*, 45 Wash. 615, 619 (1907) (holding in an action for wrongful attachment that, "[a]s a general rule there can be no recovery for injury to pride or feelings in actions for torts against property. The reason assigned is that mental distress is not in general a natural or probable consequence of torts of that kind."), overruled in part on other grounds by *Olsen v. National Grocery Co*., 15 Wash.2d 164 (1942); *see also* 28 WASH. PRAC., CREDITORS' REMEDIES - DEBTORS' RELIEF § 6.53 (2d ed.) ("Recovery for mental distress has not been allowed [for wrongful garnishment], on the ground that it is not a probable consequence of wrongful seizure.").

Therefore, as a matter of Washington tort law, Plaintiff cannot recover for emotional distress damages arising from the tort of wrongful garnishment. Thus, the claim for wrongful garnishment is also dismissed.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS ~ 15

**B. Plaintiff's Motion for Judgment on the Pleadings against Suttell &
Hammer, P.S., and Nicolas Filer and Jane Doe Filer (ECF No. 27)**

Plaintiff moves for a judgment on the pleadings against Suttell and Filer on
the issue of their liability under the FDCPA, asking that the amount of emotional
distress damages be determined by a jury.  ECF No. 27 at 2, 3.  Plaintiff
acknowledges that Suttell and Filer admitted the FDCPA violation in their Answer
to the Complaint filed January 16, 2013.  ECF No. 12.

Rule 12(c) of the Federal Rules of Civil Procedure provides that "[a]fter
pleadings are closed—but early enough not to delay trial—a party may move for
judgment on the pleadings." Fed. R. Civ. P. 12(c). Pleadings are closed for the
purposes of Rule 12(c) once a complaint and answer have been filed, assuming that
no counterclaim or cross-claim is made.  *Doe v. United States,* 419 F.3d 1058,
1061 (9th Cir. 2005).  Judgment on the pleadings is proper when the moving party
clearly establishes on the face of the pleadings that (1) no material issue of fact
remains to be resolved; and (2) it is entitled to judgment as a matter of law.
*Doleman v. Meiji Mut. Life Ins. Co.,* 727 F.2d 1480, 1482 (9th Cir. 1984).

Here, Defendants Suttell and Filer have stipulated to their violation of the
FDCPA and paid Plaintiff the maximum $2,000 in statutory damages allowed.
The Court has now determined that Plaintiff has not demonstrated sufficient
evidence of emotional distress to survive summary judgment on her FDCPA claim.

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS ~ 16

Accordingly, Plaintiff's motion for judgment on FDCPA liability is granted, but no further damages will be awarded. As they have stipulated, Defendants are liable to Plaintiff for reasonable costs and attorney fees in securing the $2,000 in statutory damages, but nothing more. ECF No. 24 at 13.

**IT IS HEREBY ORDERED:**

1.  Defendants Suttell & Hammer and Filer's Motion for Summary Judgment (ECF No. 24) is **GRANTED**.

2.  Defendant American Express Centurion Bank's Motion for Summary Judgment (ECF No. 23) is **GRANTED**.

3.  Plaintiff's Motion for Judgment on the Pleadings against Suttell & Hammer and Nicolas Filer (ECF No. 27) is **GRANTED**.[5]

4.  The Court will entertain Plaintiff's timely filed and properly supported petition for reasonable attorney fees and costs.

_____

[5] Plaintiff has not amended any pleading to specify the true name of Jane Doe Filer, if she actually exists. Accordingly, judgment cannot be taken against her. A judgment may be entered against the defendant only if the defendant has been made party to the action by service of process. *Sanders v. Gilbert*, 46 F.3d 1145 (table) (9th Cir. 1995) (disallowing judgment against a John Doe defendant).

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON THE PLEADINGS ~ 17

1    The District Court Executive is hereby directed to enter this Order and

2    provide copies to counsel, enter **JUDGMENT** against Suttell & Hammer and

3    Nicolas Filer.

4        **DATED** November 21, 2013.



        THOMAS O. RICE
        United States District Judge

ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY
JUDGMENT AND GRANTING PLAINTIFF'S MOTION FOR JUDGMENT ON
THE PLEADINGS ~ 18