1  Michael D. Kinkley
   Michael D. Kinkley, P.S.
2  4407 N. Division, Suite 914
   Spokane, WA 99207
3  (509) 484-5611
4  mkinkley@qwestoffice.net

5

6

7           UNITED STATES DISTRICT COURT
        FOR THE EASTERN DISTRICT OF WASHINGTON

8
   DONNA GENSCHORCK,
9                                     Case No.: CV-12-615-TOR

10              Plaintiff,
                                      MOTION FOR RECONSIDERATION
11       vs.
                                           12/9/2013
12                                     Without Oral Argument
   SUTTELL & HAMMER, P.S.;
13 NICHOLAS FILER and JANE DOE
   FILER, husband and wife; and
14 AMERICAN EXPRESS CENTURION
   BANK,
15
16          Defendants.

17

18                      I.      Motion

19
           Plaintiff requests that the court reconsider that portion of its order
20
21 granting defendants' summary judgment (ECF 59).

22
           *Michael D. Kinkley P.S.*
23
           /s Michael D. Kinkley
24           Michael D. Kinkley
             WSBA # 11624
25           Attorney for the Plaintiff

MOTION & MEMO FOR                        MICHAEL D. KINKLEY P.S.
RECONSIDERATION    -1-                     4407 N. Division, Suite 914
                                           Spokane Washington 99207
                                                (509) 484-5611

II.    MEMORANDUM

1.  FDCPA

A. A Plaintiff's Testimony Alone is sufficient to create Triable Issue of Fact

" **A plaintiff's testimony is sufficient to create a triable issue of fact as to such emotional distress**. *Pac. Shores Properties, LLC v. City of Newport Beach*, 730 F.3d 1142, 1172 (9th Cir. 2013); *Krueger v. Cuomo*, 115 F.3d 487, 492 (7th Cir. 1997)(expert witness not required-tenants own testimony is sufficient): The court is:

> "obligated to "look at both the *direct evidence* of emotional distress and the *circumstances* of the act that allegedly caused the distress." *United States v. Balistrieri*, 981 F.2d 916, 932 (7th Cir.1992). "The more inherently degrading or humiliating the defendant's action is, the more reasonable it is to infer that a person would suffer humiliation or distress from that action; consequently, somewhat more conclusory evidence of emotional distress will be acceptable to support an award for emotional damages." Id.

*Krueger v. Cuomo*, 115 F.3d 487, 492 (7th Cir. 1997).

The Washington Supreme Court has described garnishment as "an extraordinarily harsh remedy". Such a harsh remedy circumstantially seems likely to cause emotional distress that exceeds mere annoyance. In her deposition, Mrs. Genschorck testified that " I was at my wits ends". Genschorck deposition

The existence and amount of damages for the emotional distress Mrs. Genschorck suffered is a question for the jury. To suggest that having all of your money taken suddenly from your bank account, having your banking co-workers

MOTION & MEMO FOR
RECONSIDERATION    -2-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

knowing you are being garnished, to have fear of future unlawful garnishments  is a minimal annoyance misunderstands how it feels to be in that situation. The court cannot substitute its opinion for that of the jury. Mrs. Genschorck has a constitutional right to a jury trial.

In making the ruling granting the defense Summary Judgment, this court relied on the defense's deposition of Mrs. Genschorck. She did not testify very much about the severity of her upset because the defense attorney did not ask her and because the questions were limited to the time frame that she was actually deprived of funds.

The latest word from the 9th Circuit that emotional distress may be proven by the by the plaintiff's own testimony alone is in *Pacific Shores Properties, LLC v. City of Newport Beach*, 730 F.3d 1142, 1172 (9th Cir. 2013); accord *Harper v. City of Los Angeles*, 533 F.3d 1010, 1029 ((9th Cir. 2008) ("The testimony of the plaintiff alone can substantiate a jury's award of emotional distress damages.").; see also *Llewellyn v. Allstate Home Loans, Inc*. 711 F.3d 1173, 1181-83 (10th Cir. 2013). Plaintiff's testimony must be more than "conclusory."  As stated by the 10th Cir. in *Llewellyn*, "We agree that in relying on his own testimony, Plaintiff was required to explain his injury in reasonable detail and not rely on conclusory statements." 11 F.3d at 1182.

MOTION & MEMO FOR
RECONSIDERATION      -3-

B. Episodes of Emotional Distress

    1. Initial shock at the sudden garnishment on a case Mrs. Genschorck believed had been resolved in her favor;

    2. Co-workers knowledge of garnishment;

    3. Deprivation of use of money;

    4. Fear of future unlawful garnishment by Suttell and Hammer P.S. and/or American Express Centurion Bank.

C. Preclusion

The defendants grossly misrepresented the state court proceedings and defendants claim of failing to mitigate . See Declaration of Michael Kinkley. In any case, the Spokane County (Washington) Superior Court twice entered judgments rejecting the defendants' arguments regarding "mitigation". This court cannot act as an appellate court of that state determination. The state court judgment was not appealed and has binding, preclusive effect on this court.

The Washington Legislature has developed a statutory procedure to controvert a wrongful garnishment. RCW 6.27.230. Defendants would prefer to avoid that procedure because it results in the quashing of the garnishment, and the award of attorney fees. Mrs. Genshork correctly applied the statutory procedure enacted by the Washington legislature. "Enforcement of the garnishment statute requires strict adherence to its statutory procedures." *Watkins v. Peterson,*

*Enterprises, Inc*., 137 Wash. 2d 632, 650, 973 P.2d 1037, 1049 (1999). Defendants argue as to what they "would have done". But that is a misrepresentation. A "release" is not sufficient. The Writ was issued by the Washington Superior Court and can only be quashed by that court not by a "release". Releasing the funds does not *quash* the garnishment. A writ whose funds have been "released" can be re-issued, as Suttell and Hammer P.S. sometimes does. An employer or bank (and co-workers) are not informed that the Writ was wrongfully issued. There is no public record of the reason for the "release".

Frequently, a "release" does not the free the money (a bank or employer does not recognize a "release" and has no "duty" under a "release"). But a court *order* must be obeyed immediately by the employer and/or bank.

This Court's Order also misunderstands the nature of garnishment. A garnishment is an ancillary proceeding within the larger lawsuit. The Summons and Complaint that begins the "mini-lawsuit" is the affidavit for garnishment. RCW 6.27.060. The Answer can be a controversion. RCW 6.27.230. And the termination of the ancillary proceeding is done by an Order Quashing the garnishment and awarding attorney fees which is the only way to terminate the garnishment proceeding (judgment) or if the garnishment is not wrongful by a garnishment judgment. RCW 6.27.230; *Pacific Coast Paper Mills v. Pacific Mercantile Agency*, 165 Wash. 62, 66, 4 P.2d 886 (1931); *Mahomet v. Hartford*

MOTION & MEMO FOR
RECONSIDERATION     -5-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

*Ins. Co.*, 3 Wash.App. 560, 564-565, 477 P.2d 191 (1970); *Snyder v. Cox*, 1 Wash.App. 457, 492 P.2d 573 (1969); *Boundary Dam Constructors v. Lawco Contractors, Inc.*, 9 Wash. App. 21, 25, 510 P.2d 1176, 1179 (1973). ("Garnishment being statutory, compliance with the applicable statutes is essential to the validity and preservation of the writ").

These cases are equally applicable to following the statutory procedure for quashing a Writ. "Garnishment is a statutory remedy that requires strict adherence to the procedures expressly authorized by statute". *Watkins v. Peterson Enterprises, Inc.,* 137 Wash. 2d 632, 640, 973 P.2d 1037, 1042 (1999); *Morris & Co. v. Canadian Bank of Commerce*, 95 Wash. 418, 163 P. 1139 (1917).

"Given the precise directions set forth in RCW 6.27, it is **unlikely that the Legislature intended that the procedures set forth could be wholly disregarded at the creditor's option**." *Watkins v. Peterson Enterprises, Inc.*, 137 Wash. 2d 632, 645, 973 P.2d 1037, 1046 (1999) (emphasis added?).

In this case, Defendants ***refused*** to sign the court order quashing the garnishment despite plaintiff's repeated requests  that they do so. In fact, defendant argued against the entry of an order Quashing the Garnishment at the hearing (set on an expedited basis) for that purpose. The court entered the Order Quashing the Writ *over the objection* of the defendants.  Defendants opposed resolution since the resolution created by the statute would not insulate them from liability.  The

MOTION & MEMO FOR
RECONSIDERATION      -6-

defendants opposed quashing the garnishment, as Plaintiff's counsel knew they would since they always do. What defendants are really arguing is that they will release the funds sooner, but if and only if the person harmed by the garnishment will do it in a way that releases liability for attorney's fees and costs against these defendants, as well.

It is not mitigation but a defense litigation strategy which defendants are attempting to play out even when they have been caught filing false documents with the court, which contain material, objectively false statements under oath filed to obtain money from Mrs. Genschorck.

Defendants are not arguing that they would have fixed the wrongful garnishment problem by agreeing to  quash the garnishment. Instead, they are arguing for a *manner* of attempting to resolve the matter that would *relieve them of responsibility for filing a false declaration* with the court and *attempt to avoid attorney fees*. Defendants never have moved to strike the false declaration even after being made aware of it. Defendants should have joined in the request for an Order Quashing the garnishment issued based on Mr. Filer's false affidavit, but instead opposed the Order Quashing the Writ of Garnishment, which was granted only after a contested hearing. *DR 68, Spokane County Superior Court Order quashing Writ of Garnishment*. That Order is the "Judgment" terminating the ancillary proceedings (except for the post judgment award of attorney fees for he

MOTION & MEMO FOR
RECONSIDERATION    -7-

ancillary proceeding). If the Writ was correctly issued, the court would be required to enter a "garnishment judgment" in favor of the party garnishing to complete the ancillary proceeding.

The state Superior Court *twice rejected* defendants' assertions that they could avoid the legislatively established, statutory quash procedure. The court entered judgment based on those determinations. Those judgments preclude this court from ruling differently. The state court said: "Given the history of this case, painfully set forth in detail herein, Mr. Kinkley cannot be criticized for insisting on getting this matter before the court for an actual hearing...." . DR 105; Judge Eitzens's , p. 6, footnote 7. , July 13, 2012, Order denying Sutttell's motion for reconsideration.

It was important that the state courts  that are most involved with Suttell and Hammers' practices be made aware of those unlawful practices. The state court sanctioned Mr. Filer and Suttell and Hammer P.S. pursuant to CR 11 and awarded all the fees requested by Mrs. Genschorck's attorneys pursuant to the CR 11court rule and RCW 6.27.230. Those fees included fees for the time spent following the statutory procedure to quash the garnishment.  This court is precluded from finding that simply calling Suttell and Hammer P.S. and allowing them to attempt to avoid responsibility by following a procedure Suttell and Hammer P.S.  has created to apply when they get caught wrongful garnishments is superior to following the

statutory procedure developed by the Washington legislature and approved by Judge Eitzen of the Spokane County Superior Court.  This court is precluded from accepting as a defense the very argument rejected by the state court. DR 105, see attached.

D. The Genshock deposition was confused by imprecise questioning

In 2010, American Express Centurion Bank and attorneys Bishop, White and Marshall wrongfully garnished Mrs. Genschorck on a void judgment entered without personal jurisdiction while the case (under the same file number) was actually pending. These garnishments were not the responsibility of Nicolas Filer and Suttell and Hammer P.S.   But to distinguish between the 2010 wrongful garnishments and the 2012 wrongful garnishments (which are the responsibility of Mr. Filer and Suttell and Hammer P.S.,  Mr. Fisher nearly always refered to any 2012 garnishment as "the second garnishment". He thus caused significant confusion in the record because there were *two* garnishments in 2012.

In 2012, Nicolas Filer and Suttell and Hammer P.S. intended to only garnish Mrs. Genschorck's bank accounts (checking and savings) not her wages. Mr. Filer misrepresented in the Declaration for garnishment that Mr. Genschorck "was not an employee of the garnishee". This was another false statement in Mr. Filer's Declaration.  Mrs. Genschorck is an employee of American West Bank but apparently Mr. Filer did not know this. If Mrs. Genschorck was not the employee

MOTION & MEMO FOR
RECONSIDERATION      -9-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

of the bank but only a customer, obviously there could be no wage garnishment.
This is the form of the Declaration for garnishment Suttell and Hammer P.S. uses
when they seek to garnish bank accounts rather than wages. A declaration for
garnishment of wages (called continuing lien on earning) says that the "judgment
debtor" is the employee which makes sense since the judgment creditor is seeking
to garnish wages.

Nicolas Filer and Suttell and Hammer P.S. filed *only* _one_ declaration (stating
that Mrs. Genschorck is "not an employee")  for garnishment. Nicolas Filer and
Suttell and Hammer P.S. obtained *only* _one_ Writ of Garnishment from the Spokane
County Superior Court. The Writ apparently was only served on the bank once.
The _one_ Writ was routed to both the payroll department and to the bank account
liens department. Referring to both 2012 garnishments as the "second
garnishment" was confusing because it lumps together the *two* garnishments in
2012 which form the subject of the case against Nicolas Filer and Suttell and
Hammer P.S.

The forms to be use in garnishments are statutory. The reason the bank erred in
applying the on Writ as a wage garnishment is that Suttell and Hammer P.S chose

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

to unfortunately provide to the Garnishee an Answer[1] form(to the Garnishment) form that includes the *wage* garnishment language. *ECF _____, Answer; Compare RCW 6.27.190 with RCW 6.27.340.* The Answer for wage garnishment (RCW 6.27.3400) has all the blanks for filing in for a wage garnishment. This is frequently confusing to the clerks responding to the garnishment.

What we do know is that when American West Bank Answered that it was holding wages, Nicolas Filer and Suttell and Hammer P.S did nothing to correct

---

[1] Discussing current law. Plaintiff's counsel believes that the statute was amended in 2012 (effective in June, after these garnishments).  Prior to that time the statute form may have made the use of the "Paragraph II" (see current  RCW 6.27.340-wages) optional. Still, the use of an "optional", unnecessary, inapplicable paragraph which results in unintended garnishment of wages should have been avoided by Nicolas Filer and Suttell and Hammer P.S . At a minimum, Nicolas Filer and Suttell and Hammer P.S should have contacted American West Bank to release the wages garnished without proper Writ for continuing lien when they received the Answer in early April 2012.

MOTION & MEMO FOR
RECONSIDERATION    -11-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

the mistaken taking of wages, even though Nicolas Filer and Suttell and Hammer P.S had not obtained a Wage garnishment.

Then on April 12, 2012, ten days after she was notified that her paycheck was to be garnished, the single same Writ was applied by American West Bank (garnishee) to seize all the money in Mrs. Genschork's bank accounts. That was the most upsetting event.

Mrs. Genshok's paycheck had been direct-deposited into her bank checking accounts so that when the bank seized her entire bank account it included the paycheck that had been deposited into that account. Mrs. Genschock suddenly found herself with no money, taken by the court. Despite the lack of questions about "severity" and the confused questioning, Mrs. Genschorck still made clear she suffered severe emotional distress. She testified that:

- I lived with my aunt to take care of her because she was deathly ill. Now I have a husband who collapsed two years ago with brain cancer, lung cancer and bone cancer. And then **you guys come in and do this to me. That's just <u>pushed me to the brink</u>. I mean--.**

Defendants' Deposition of Donna Genschorck, Spokane, Washington, September 5, 2013, p. 11, lines 7-13.

- That's correct. I'm—I mean I have a lot going on in my life, and **this was just the <u>icing on the cake</u>**. And when you say "this," you're referring to both garnishments?

MOTION & MEMO FOR
RECONSIDERATION     -12-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

I'm referring to the very last one that came through [seizing all the money in her bank account].  I mean **I don't need this in my life right now.**

Defendants' Deposition of Donna Genschorck, Spokane, Washington,

September 5, 2013, p. 43, lines 15-20.

> o **It's mortifying to have your employer notified like this and have money taken from you.**  I – and to **not be able to get things that you need or know that stuff is gone and you need things. It's – it's demeaning.**

Defendants' Deposition of Donna Genschorck, Spokane, Washington,

September 5, 2013, p. 48, lines 19-22.

- You came in and **took my money when I'm in the time of need.  That caused me problems.  And it's an embarrassment at work that still causes me embarrassment because I have to look at those people that know this.**

Defendants' Deposition of Donna Genschorck, Spokane, Washington,

September 5, 2013, p. 65, line 1 through p. 66, lines 1-4.

- **Okay.  You testified a few minutes ago that it's humiliating to have your paycheck or your accounts garnished from your employer; is that correct?**

- **Yes.**

Defendants' Deposition of Donna Genschorck, Spokane, Washington,

September 5, 2013, p. 62, lines 15- 18.

MOTION & MEMO FOR
RECONSIDERATION      -13-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

- And what was the type of cancer that he was diagnosed with in March of 2011?
- Brain cancer.
- So I assume that that's – that is and has been a source of distress for you since it happened in March of 2011.
- Correct.
- And to this day.
- Correct.
- And that was the stress associated with this illness is independent of the fact that money was garnished in April of 2012.
- **It added.  And I take one day at a time.  I don't know if you have faith or not.**

Defendants' Deposition of Donna Genschorck, Spokane, Washington, September 5, 2013,  p. 67, lines 2-16.

Mrs. Genschorck was especially vulnerable with her best friend (aunt) sick, and her husband suffering from brain cancer. She was especially affected by the defendants' unlawful garnishment. She was an eggshell plaintiff. "The eggshell plaintiff rule simply means that a tortfeasor takes his victim as he finds him" and it applies to emotional distress occurring as a result of a statutory tort (In that case FELA). *Pierce v. S. Pac. Transp. Co*., 823 F.2d 1366, 1372 (9th Cir. 1987 [applying eggshell plaintiff rule to emotional injuries]; *Simonelli v. Univ. of California-Berkeley*, C 02-1107 JL, 2007 WL 1655821 (N.D. Cal. June 4, 2007). In personal injury law, it is well settled that in an action for damages, the tortfeasor "takes his victim as he finds him." *United States v. Feola*, 420 U.S. 671, 685 (1975) ... *Stoleson v. United States*, 708 F.2d 1217, 1221 (7th Cir.1983);

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

(explaining eggshell skull rule); *Pierce v. Southern Pac. Transp. Co*., 823 F.2d

1366, 1372 n. 2 (9th Cir.1987) ("[w]hen an emotional injury causes physical

manifestations of distress we can see no principled reason why the eggshell

plaintiff rule should not apply"). *Walker v. Contra Costa Cnty*., C03-3723TEH,

2006 WL 3371438 (N.D. Cal. Nov. 21, 2006) ("**Plaintiff can certainly testify**

**about his own** experience of his health, his **stress level**, and his symptoms of heart

disease, and when they occurred"). Mrs. Genschorck testified that: "I was going

through a lot of stress in my life" Defendants' Deposition of Donna Genschorck,

Spokane, Washington, September 5, 2013,  p. 81, lines 1-6; *See Restatement*

*(Second) of Torts* § 461 (1965); *Gresham v. Petro Stopping Centers, LP*, 3:09-CV-

00034-RCJ, 2011 WL 1748569 (D. Nev. Apr. 25, 2011). The eggshell plaintiff

jury instruction stated:

> The law provides that a wrongdoer will take his victim as he finds him, and,
> if the victim is particularly susceptible to experiencing traumatic injuries or
> pain as a result of a preexisting physical or mental condition, then the
> defendant will still be responsible for making the plaintiff whole. A
> tortfeasor will be held responsible where the effect of its negligence is to
> aggravate a preexisting condition or disease. It is no defense to an award of
> full damages that the plaintiff's injury was amplified by the preexisting
> condition for which the defendant was not responsible.

*Matlock v. Greyhound Lines, Inc*., 2:04-CV-0051-KJD-GWF, 2010 WL 3171262

(D. Nev. Aug. 10, 2010). Mrs. Genschock testified that:

MOTION & MEMO FOR
RECONSIDERATION      -15-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

A.  I was going through a lot of stress in my life.  My – like I said, if you have ever had a loved one diagnosed with cancer and you're their caretaker, you walk in my shoes, you would understand.

Q.  Okay.

A. It's not easy.

Defendants' Deposition of Donna Genschorck, Spokane, Washington,

September 5, 2013,  p. 81, lines 1-10. Mrs.  Genschorck testified that:

- "You learn that you have no funds. You have no way to drive to work because you can't put gas in your car.  You can't pick up a prescription from the drug store.  You have bills to pay.  And where is the money going to come from?  How can they come in and just take your money from you?

Defendants' Deposition of Donna Genschorck, Spokane, Washington,

September 5, 2013,  p. 78, lines 14-19.

Q. So you were angry and upset that someone had come in and taken your money wrongfully.

*A.  Correct.*

*Q. Anything else?  Would you describe anything else about your distress during that period of time?*

A.  You work – we live in a civilized United States, and we work.  We're Americans. We Work. We pay bills. We go through life.  You get a paycheck.

And then to have someone come in and take that away from you where you've earned your money to pay your bills and survive in this United States, is like how can they do this?  How can they take this from me when they don't have the rights?  It just – with everything going on, just pushes you to that edge.  You can't go in and, you know, beat them up.  You have to go through the process.

Defendants' Deposition of Donna Genschorck, Spokane, Washington,

September 5, 2013, p. 80, lines 5-20.

A. As far as the garn- -- it's still – **I'm still mortified by it**, because I still have to face those people in my office. **It's embarrassing**. When I go to that office, I have to see Ashley.  I have to see Midge.  You know, I

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

know who they are.  I – you know, they know who I am.  We're in a meeting.  **It's embarrassing**.

Defendants' Deposition of Donna Genschorck, Spokane, Washington,

September 5, 2013,  p. 82, lines 17-23.

Mrs Genschork testified that  "....**Financial stress is a big stress."**

Defendants' Deposition of Donna Genschorck, Spokane, Washington, September

5, 2013,  p. 101, line 17.

> 2. Washington Tort and Statutory Tort of Wrongful Garnishment
>    Allows Actual Damages; Mrs. Genschorck is entitled as a matter
>    of law to emotional distress damages for wrongful garnishment

In *Huzzy v. Culbert Const. Co*., 5 Wash. App. 581, 585, 489 P.2d 749, 752

(1971), the court affirmed the award of emotional distress and other damages for

wrongful garnishment, finding the damages were available and supported by

substantial evidence including "The defendant was embarrassed with the banks

involved in connection with the garnishments".

Washington has recognized the common law, and has created the statutory

tort of "wrongful garnishment":

> In all actions in which a prejudgment writ of garnishment has been issued by
> a court and served upon a garnishee, **in the event judgment is not entered
> for the plaintiff on the claim sued upon by plaintiff, and the claim has
> not voluntarily been settled or otherwise satisfied, <u>the defendant shall
> have an action for damages against the plaintiff</u>.** The defendant's action
> for damages may be brought by way of a counterclaim in the original action
> or in a separate action and, in the action the trier of fact**, in addition to**

MOTION & MEMO FOR
RECONSIDERATION      -17-

**other <u>actual damages sustained by the defendant</u>, may award the defendant reasonable attorney's fees.**

RCW § 6.26.040; RCW 6.27.230 (allows attorney fees for controversion of wrongful garnishment).

"Once liability is established under a statutory tort a plaintiff "is entitled to recover damages for emotional distress upon a showing of actual anguish or emotional distress." *Cagle v. Burns & Roe, Inc.*, 106 Wash. 2d 911, 912, 726 P.2d 434 (1986); *Odom v. Williams*, 74 Wash.2d 714, 446 P.2d 335 (1968) (malicious prosecution); *Nordgren v. Lawrence*, 74 Wash. 305, 133 P. 436 (1913) (landlord's unlawful entry); *Wright v. Beardsley*, 46 Wash. 16, 89 P. 172 (1907) (desecration of deceased body); *McClure v. Campbell*, 42 Wash. 252, 84 P. 825 (1906) (wrongful eviction); *Davis v. Tacoma Ry. & Power Co.*, 35 Wash. 203, 77 P. 209 (1904) (defamation of character); *Willson v. Northern Pac. R.R.*, 5 Wash. 621, 32 P. 468, 34 P. 146 (1893) (wrongful expulsion by railroad carrier); *Birchler v. Castello Land Co., Inc.*, 133 Wash. 2d 106, 942 P.2d 968 (1997)("emotional distress damages were recoverable in statutory timber trespass action for an intentional interference with property interests such as trees and vegetation."); *Nord v. Shoreline Sav. Ass'n*, 116 Wash.2d 477, 485, 805 P.2d 800 (1991) ("emotional distress damages available for shock, anger, and upset in action for concealment and deceit by business partner"). Emotional distress damages may be

MOTION & MEMO FOR
RECONSIDERATION      -18-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

recovered in circumstances involving intentional injury to property. See, e.g.,

*Miotke v. City of Spokane*, 101 Wash.2d 307, 332, 678 P.2d 803 (1984) ("mental

suffering an element of damage in public nuisance action"); *Cherberg v. Peoples*

*Nat'l Bank*, 88 Wash.2d 595, 602, 564 P.2d 1137 (1977) "emotional distress

damages available for willful breach of lease"); *Nordgren v. Lawrence*, 74 Wash.

305, 133 P. 436 (1913) ("damages for mental suffering available in action for

wrongful entry by landlord into tenant's premises"); *McClure v. Campbell*, 42

Wash. 252, 84 P. 825 (1906) ("damages for mental suffering available in action for

wrongful eviction); *Birchler v. Castello Land Co., Inc*., 133 Wash. 2d 106, 116,

942 P.2d 968, 973 (1997)( "damages for mental suffering available in action for

timber trespass statute").

In addition, the prejudgment garnishment statute specifically, explicitly

allows for "…<u>actual damages</u> sustained by the defendant". RCW 6.26.040.

### 3. The Washington Collection Agency Act was Violated and Provides an Important Remedy.

Suttell and Hammer is a licensed Washington "collection Agency" licensed

under the WCAA. The WCAA provides that "the following conduct, acts, or

conditions constitute unprofessional conduct:

(h) Has been found by a court of competent jurisdiction to have violated the

federal fair debt collection practices act, 15 U.S.C. Sec. 1692 et seq., or the

MOTION & MEMO FOR
RECONSIDERATION      -19-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

Washington state consumer protection act, chapter 19.86 RCW, and two years

have not elapsed since that finding.

RCW 19.16.120(h)

Suttell and Hammer P.S. have admitted  conduct that constitutes violations

of  RCW 19.16.250 (Prohibited Practices):

(2) Collect or attempt to collect a claim by the use of any means contrary to the postal laws and regulations of the United States postal department. (Sending false declaration by mail)

(13) Communicate with a debtor or anyone else in such a manner as to harass, intimidate, threaten, or embarrass a debtor, including but not limited to communication at an unreasonable hour, with unreasonable frequency, by threats of force or violence, by threats of criminal prosecution, and by use of offensive language.

15) Communicate with the debtor and represent or imply that the existing obligation of the debtor may be or has been increased by the addition of attorney fees, investigation fees, service fees, or any other fees or charges when in fact such fees or charges may not legally be added to the existing obligation of such debtor. (added claim of fees for garnishment)

16) Threaten to take any action against the debtor which the licensee cannot legally take at the time the threat is made. (Garnishment)

(21) Collect or attempt to collect in addition to the principal amount of a claim any sum other than allowable interest, collection costs or handling fees expressly authorized by statute, and, in the case of suit, attorney's fees and taxable court costs. A licensee may collect or attempt to collect collection costs and fees, including contingent collection fees, as authorized by a written agreement or contract, between the licensee's client and the debtor, in the collection of a commercial claim.

MOTION & MEMO FOR
RECONSIDERATION      -20-

RCW 19.16.450 provides that:

**If an act or practice in violation of RCW 19.16.250 is committed by a licensee** or an employee of a licensee in the collection of a claim, neither the licensee, the customer of the licensee, nor any other person who may thereafter legally seek to collect on such claim **shall ever be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim**: PROVIDED, That any person asserting the claim may nevertheless recover from the debtor the amount of the original claim or obligation.

Suttell and Hammer P.S. is a licensee. Suttell and Hammer P.S. violated RCW 19.16.250. Therefore, RCW 19.16.450 must be applied as an injunction and as a delaratory judgment precluding anyone from collecting any amount not principle from Mrs. Genschorck. Given American Express Centurion bank's history in this matter and its claims that a debt is owed to them, this protection is necessary. The statute is clear and explicit. This court should enter an Order that "No one shall ever be allowed to recover any interest, service charge, attorneys' fees, collection costs, delinquency charge, or any other fees or charges otherwise legally chargeable to the debtor on such claim from Mrs. Genschorck."

MOTION & MEMO FOR
RECONSIDERATION     -21-

In addition, RCW 19.16. 440 provides that violations of the WCAA are declared "in trade or commerce"[2] so that lawyers licensed and acting as collection agencies are covered by the act and proof of "entrepreneurial" is not required.

In any case, Suttell and Hammer's practices that violate the WCAA and WCPA are are entrepreneurial since they are offering services on a mass scale and so do not spend the individual time on any case. *Declaration of Scott Kinkley Vance  Declaration authenticating Hammer deposition.*

The robo-signing and mass assembly line production of documents saves Suttell and Hammer P.S. money and allows them to process many more cases, but is also the reason they cause so make so many errors that harm consumers. See CR 11. The acts of Suttell and Hammer P.S. in signing the false declaration was entrepreneurial because it was done as a part of  the business system  which constitutes an unfair practice where  lawyer does not have meaningful involvement in the case he is acting in, and fails in his duty under CR 11. This involves questions of fct to be resolve at trial.

---

[2] RCW 19.16.440 provides:
'the commission by a licensee or an employee of a licensee of an act or practice prohibited by RCW 19.16.250 are declared to be **unfair act**s or practices or unfair methods of competition **in the conduct of trade or commerce** for the purpose of the application of the Consumer Protection Act found in chapter 19.86 RCW. Suttell and Hammer P.S. engages is robo-signing, an assembly line processing of legl documents that causes a lot of misery including his wrongful garnishment

MOTION & MEMO FOR
RECONSIDERATION       -22-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

CM/ECF CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of December, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of such filing to the following:

Michael D. Kinkley         mkinkley@qwestoffice.net, pleadings@qwestoffice.net;

Kirk D. Miller             kmiller@millerlawspokane.com

Bradley L. Fisher          bradfisher@dwt.com

Stephen A. Bernheim        steve@stevebernheim.com

*Michael D. Kinkley P.S.*

s/Michael D. Kinkley
Michael D.  Kinkley
WSBA # 11624
Attorney for Plaintiff
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net

MOTION & MEMO FOR
RECONSIDERATION    -24-

MICHAEL D. KINKLEY P.S.
4407 N. Division, Suite 914
Spokane Washington 99207
(509) 484-5611