Michael D. Kinkley
*Michael D. Kinkley, P.S.*
4407 N. Division, Suite 914
Spokane, WA 99207
(509) 484-5611
mkinkley@qwestoffice.net

Kirk D. Miller
*Kirk D. Miller, P.S.*
211 E Sprague Avenue
Spokane, WA  99202
(509)413-1494 Telephone
kmiller@millerlawspokane.com

IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONNA GENSCHORCK,<br><br>      Plaintiff,<br><br>vs.<br><br>SUTTELL & HAMMER, P.S.; NICHOLAS FILER and JANE DOE FILER, husband and wife; and AMERICAN EXPRESS CENTURION BANK,<br><br>      Defendants. | Case No.: CV-12-615-TOR<br><br>DECLARATION OF MICHAEL D. KINKLEY RE: |

Michael D. Kinkley declares the following under penalty of perjury under the laws of Washington:

1. I am one of the attorneys representing the Plaintiff in this matter.

2. I did not represent Ms. Genshorck in 2010. Kirk Miller handled that matter without me.

3. I received a call from kirk Miller around April 11, 2011, about a wrongful garnishment of Mrs. Genschork's <u>*wages*</u>; being done without a judgment and without even a pending lawsuit. I checked online the court docket which confirmed what he was saying. But I

found garnishing without a pending case so incredible, that I insisted on reviewing the actual court paper file before I would proceed.

4. On or about April 12, 2012, I was informed that Suttell had now also done a bank account garnishment of Mrs. Genschork, taking <u>all</u> of her money from all three of her bank accounts. I was told she was in a panic, very upset. The matter then took on some urgency.

5. We obtained the paper court file. We confirmed the lawsuit had been dismissed and that there was not a judgment. We confirmed that a Writ of Garnishment had been issued. We confirmed that Mrs. Genschorks money had been taken from her. We determined that the clerk had been required to issue the Writ since there was a declaration by s representative of the judgment creditor. RCW 6.27.080. Even though Mr. Filer's declaration was false it appeared regular on its face.

6. Scott Kinley and I began to prepare the vacate/quash pleadings. Scott called Judge Eitzen's to see if we could get an emergency hearing to quash since they had taken all of Mrs. Genshork's money. He was told that Judge Eitzen never does emergency hearing and the hearing would have to be set on regular notice.

7. On Monday, April 16, 2012, Mrs. Genchorck was first able to come to my office. I met her then for the first time. The questions in the deposition which tend to suggest I represented her before were compound questions which included Mr. Miller who did represent her. She signed a retainer agreement. She was very very visibly upset. She was very scared that all of her money was taken and she ha no funds. She described that it was worse because of her husband's inability to help her due to his serious illness. She described how she was a loan officer with an important position with this same bank an

so her bosses and co-workers would see this and think she didn't pay her bills. She described having to borrow money from elderly relatives.

8. We discussed American Express Centurion Bank. I was aware that they had been in trouble for inflating consumer accounts[1]. She discussed with me that she had had a similar problem with them., that she did didn't owe what they claimed bout that they would not discuss it with her or work it out. She and kirk described their successful defense of American Express Centurion Bank in 2010.

9. Sottt KinKley and I, then stay a the office until about 10 p.m. (April 16, 2012) working on Genschork' case. We sorted it out and prepared a fully fact checked, comprehensive memo. We prepared a motion to Quash the Writ. It is my believe as an attorney with 33 experience including significant experience avoiding collections that since the court issues the Writ it requires a court order to quash the Writ. I also have seen the "release" used. It is often wholly ineffective. I have seen collectors (including Suttell) collect on a writ even though they previously agreed to "release" held funds.

10. I knew we were serendipitously scheduled to have a hearing on another case in front of the judge (Eitzen) that had been assigned to the Genschork case.

11. On April 17, 2012, we filed he pleadings to quash the garnishment and release the funds (especially those taken form the bank accounts).

12. I me with judge Eitzen aft our scheduled hearing and told her I knew she did not do emergency hearings but that the court ha wrongfully issued garnishment based on a false

---

[1] Since then in Septembe 2012, the FDIC fined them 1.1 Million Dollars and the CFPB fined them 39.5 million Dollars for inflating consumer accounts and abusive collection practices. My recollection was of them being shut down bu the OCC when they operated in a different form.

DECLARATION OF MICHAEL D. KINKLEY - 3 -

Michael D. Kinkley P.S.
4407 N. Division, Suite 914.
Spokane, WA 99207
(509) 484-5611

affidavit of an attorney and she might want to do this one time. She looked skeptical, but took all our pleadings to read.

13. When she emerged from Chambers, Judge Eitzen said she would do an emergency hearing, that I was to call and make sure Mr. Filer was available.

14. I called Mr. Filer. I was only able to get through the collection agency switchboard by telling them I was calling form the Judge's chambers to conform his availability for a hearing.

15. When Mr. iler came on the phone I told him about the hearing set for telephone for tht afternoon. Then I told him why the Wit had to be quashed- that there ws no judgment, in fat no case. Mr. Filer attempted to argue with me saying their was a judgment. I told him we'd let the judge decide and would not segue the merits.

16. About 20 minutes later, Mr. Filer offered to "release the funds". I explained to him that was not sufficient the we need the wrongfully issued writ **quashed.**  I sent him a copy of the proposed Order Quashing. I asked if he would sign off on the proposed order quashing. He refused.  My impression was the only reason that he offered to even " release" the funds was to attempt to avoid the hearing scheduled for that day. In fact he told the court administrative assistant that the hearing should be cancelled. Fortunately I was still in the  court room and explained to her that we intended to go forward with the hearing.

17. At the hearing later in the afternoon that day, defendant's argued against an Order quashing the Writ. The judge entered the order over the defendant's objection.

18. Suttell and Mr. Filer are aware that following the Washington controversion procedure under 6.27.230 will result in attorney fees being awarded against them. That is why they

DECLARATION OF MICHAEL D. KINKLEY - 4 -

will never agree to quash a writ. Even when they have been caught filing a false affidavit, wrongfully taking money from someone's bank account , they still seek to gain an advantage they're not entitled to by "releasing" the funds they have caused to be wrongfully withheld but refusing to fix the problem by quashing the Writ wrongfully issued based on Mr. Filer's false affidavit.

19. The defendants have seriously misrepresented the record and proceedings in this matter in state court.

20. I do not beive hat anyone could have obtained an Order Quashing he Garnishment Writ ny faster or more expeditiously than Scott and I did. Our urgency had nothing to do with the wage garnishment since most folks can handle temporary ding to their paycheck.

21. But once Suttell took ALL of Mrs., Genschorck's money from all three of Mrs. Genschorck 's bank accounts, immediate court action was required. We basically were able to obtain a court order in one day of signing up Mrs. Genschork. That in no way alleviates Mrs. Genschorck's emotional upset at receiving the garnishment (and not knowing we could fix it), or her fears that Suttell and American Express Centurion Bank can reach out and do this again at any time.

Signed under penalty of perjury of the laws of the state of Washington on November 25, 2013 in Spokane, Washington.

*Michael D. Kinkley P.S.*

Michael D. Kinkley
WSBA # 11624
Attorney for Plaintiff