UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| DONNA GENSCHORCK,<br><br>                    Plaintiff,<br><br>     v.<br><br>SUTTEL & HAMMER, P.S., NICHOLAS FILER and JANE DOE FILER, husband and wife; and AMERICAN EXPRESS CENTURION BANK,<br><br>                    Defendants. | NO: 12-CV-0615-TOR<br><br>ORDER DENYING PLAINTIFF'S MOTION OF RECONSIDERATION |

BEFORE THE COURT is Plaintiff's Motion for Reconsideration (ECF No. 66). This matter was submitted for consideration without oral argument. The Court has reviewed the briefing and the record and files herein, and is fully informed.

//

//

ORDER DENYING PLAINTIFF'S MOTION OF RECONSIDERATION ~ 1

## BACKGROUND

Plaintiff seeks reconsideration of the Court's November 21, 2013, Order Granting Defendants' Motions for Summary Judgment and Granting Plaintiff's Motion for Judgment on the Pleadings (ECF No. 59). For the reasons discussed below, the motion will be denied.

## DISCUSSION

A motion for reconsideration may be reviewed under either Federal Rule of Civil Procedure 59(e) (motion to alter or amend a judgment) or Rule 60(b) (relief from judgment). *Sch. Dist. No. 1J v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). Under Rule 59(e), "[r]econsideration is appropriate if the district court (1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Id.* at 1263; *United Nat. Ins. Co. v. Spectrum Worldwide, Inc.*, 555 F.3d 772, 780 (9th Cir. 2009). Rule 60(b) allows a district judge to provide relief from a final judgment if the moving party can show

> (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud ..., misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. Pro. 60(b). Whether to grant a motion for reconsideration is within the sound discretion of the court. *Navajo Nation v. Confederated Tribes and Bands of the Yakama Indian Nation*, 331 F.3d 1041, 1046 (9th Cir. 2003). The Ninth Circuit has held that

> A district court does not abuse its discretion when it disregards legal arguments made for the first time on a motion to amend, and a party that fails to introduce facts in a motion or opposition cannot introduce them later in a motion to amend by claiming that they constitute "newly discovered evidence" unless they were previously unavailable.

*Zimmerman v. City of Oakland*, 255 F.3d 734, 740 (9th Cir. 2001) (internal citations omitted). Reconsideration is also properly denied when a litigant "present[s] no arguments in his motion for [reconsideration] that had not already been raised in opposition to summary judgment." *Taylor v. Knapp,* 871 F.2d 803, 805 (9th Cir.1989).

Here, Plaintiff's arguments for reconsideration consist of a rehashing of their evidence and arguments in opposition to summary judgment, evidence in existence at the time Defendants' motion for summary judgment was filed, and arguments not raised in their response to the motion for summary judgment. Plaintiff makes no showing that the Court committed clear error or that its decision was manifestly unjust. Nor does Plaintiff establish that there has been a change in the law entitling her to relief. The Court addresses each of Plaintiff's arguments in turn.

Plaintiff first argues that a plaintiff's testimony alone is sufficient to create a triable issue of fact as to emotional distress under the FDCPA, citing *Pacific Shores Properties, LLC v. City of Newport Beach*, 730 F.3d 1142 (9th Cir. 2013), and apparently implying that the Court was in clear error in its finding that Gencshorck had not demonstrated sufficient evidence of emotional distress under the FDCPA. But *Pacific Shores* states that "[d]amages are available under the *FHA* for any *unusual level* of anxiety, embarrassment, or humiliation suffered by plaintiffs as a result of a defendant's discriminatory actions, and a plaintiff's testimony is sufficient to create a triable issue of fact as to such emotional distress." 730 F.3d at 1172 (emphasis added). Thus, though Plaintiff is correct in stating that, in this case, a plaintiff's testimony was sufficient to create triable issues of fact as to emotional distress, the case cited pertains to a different statute (the Fair Housing Act) and the level of "anxiety, embarrassment, or humiliation suffered" must still be "unusual."

The Court rather restates that it relied on a lack of sufficient proof, rather than type of proof, having extensively reviewed Plaintiff's deposition testimony filed with the motion for summary judgment, and reaffirms its reliance on persuasive case law indicating that plaintiffs must demonstrate more than "transitory symptoms of emotional distress and unsupported self-serving testimony." *See Costa v. Nat'l Action Fin. Serv.*, 634 F.Supp.2d 1069, 1078 (E.D.

ORDER DENYING PLAINTIFF'S MOTION OF RECONSIDERATION ~ 4

Cal. 2007). The Court likewise reaffirms its finding that Plaintiff's testimony simply did not indicate anything more than "transitory symptoms of emotional distress"—nothing even to rise to the level of "unusual" anxiety, embarrassment, or humiliation required in the case Plaintiff cites. The Court further notes that it held that, due to Plaintiff's and Plaintiff's counsel's decision to wait fourteen days to call Suttell & Hammer after learning of the intended wrongful garnishment, Plaintiff's damages were limited to those incurred before she or her attorney could have reasonably called Suttell on April 3. Thus, Plaintiff's damages for emotional distress are limited to those incurred before any money was garnished. The humiliation to which Plaintiff attests arises from her co-workers' knowledge of her garnishment, from having to borrow money from her relatives, and from not being able to buy necessities—embarrassments that could likely have been avoided or diminished had Plaintiff or her counsel contacted Suttell & Hammer immediately upon learning of the threatened garnishment.

In a related argument, Plaintiff next contends that this Court is

> precluded from finding that simply calling Suttell and Hammer P.S. and allowing them to attempt to avoid responsibility by following a procedure Suttell and Hammer P.S. has created to apply when they get caught [in] wrongful garnishments is superior to following the statutory procedure developed by the Washington legislature and approved by Judge Eitzen of the Spokane County Superior Court.

ECF No. 66 at 9. Plaintiff inaccurately summarizes the Court's finding; rather, the

ORDER DENYING PLAINTIFF'S MOTION OF RECONSIDERATION ~ 5

Court found that Plaintiff failed to mitigate her damages when Plaintiff and her attorney failed to contact Suttell & Hammer until four days after the garnishment, though they had met to discuss it ten days before the garnishment. *See* ECF No. 59 at 10 (Order Granting Defendant's Motions for Summary Judgment). Accordingly, in light of the avoidable consequences doctrine applied to federal statutory violations, Plaintiff's damages were limited to those incurred before she or her attorney could have reasonably called Suttell. *Id*. The Court did not find that such an action was "superior." Rather it applied the law to the claims Plaintiff raised: emotional distress damages under the FDCPA.

Plaintiff next argues that the Genschorck's deposition, relied upon by the defendants in support of their motion for summary judgment, was confused by imprecise questioning. ECF No. 66 at 9. However, as Defendant points out, Plaintiff failed to submit a declaration or other proof in opposition to summary judgment. Nor does Plaintiff's declaration appended to her motion for reconsideration provide "newly discovered" evidence.

Plaintiff also maintains that Genschorck is entitled as a matter of law to emotional distress damages for wrongful garnishment. ECF No. 66 at 17. Presumably here Plaintiff is claiming that the Court "committed clear error" in concluding that recovery for mental distress—the only damages sought in this action, as Plaintiff conceded—is not allowed under Washington tort law. ECF No.

ORDER DENYING PLAINTIFF'S MOTION OF RECONSIDERATION ~ 6

59 at 15. Plaintiff cites a series of cases in support of her argument that she is entitled to damages for emotional distress upon a showing of violation of a statutory tort. But the Plaintiff's conclusion that statutory torts always provide for emotional distress damages is inaccurate. Rather, "[w]hether emotional distress damages are available following a statutory violation will depend on the language of the particular statute at issue." *White River Estates v. Hiltbruner*, 134 Wash.2d 761, 765 (1998). Emotional distress damages may also be a remedy for a statutory violation if the violation sounds in intentional tort. *Id*. at 766. ("In the absence of a clear mandate from the Legislature, Washington courts have 'liberally' construed damages for emotional distress for causes of action, including those based on statutory violations, if the wrong committed is in the nature of an intentional tort.").

The Court asks, then, whether a violation of the wrongful garnishment statute sounds in intentional tort. The Washington Supreme Court has found statutory torts to sound in intentional tort—and thus entitle plaintiffs to emotional distress damages—where there was a requirement that a person has "wilfully" trespassed and damaged the property of another, for example. *See Birchler v. Castello Land Co.,* 133 Wash.2d 106, 116 (1997) (emotional distress damages available for "willful" violation of timber trespass statute); see also *Cagle v. Burns and Roe, Inc.*, 106 Wash.2d 911 (1986) (wrongful termination of employment in violation of

public policy is intentional tort and therefore damages for emotional distress were allowed).The court has declined to award emotional distress damages where the statutory violation requires only proof of negligence, as opposed to intentional conduct. *Physicians Ins. Exch. & Assoc. v. Fisons Corp.*, 122 Wash.2d 299, 321 (1993). Washington's wrongful garnishment statute provides:

> In all actions in which a prejudgment writ of garnishment has been issued by a court and served upon a garnishee, in the event judgment is not entered for the plaintiff on the claim sued upon by plaintiff, and the claim has not voluntarily been settled or otherwise satisfied, the defendant shall have an action for damages against the plaintiff. The defendant's action for damages may be brought by way of a counterclaim in the original action or in a separate action and, in the action the trier of fact, in addition to other actual damages sustained by the defendant, may award the defendant reasonable attorney's fees.

RCW § 6.26.040. The statute does not require willfulness or intentional behavior to constitute a violation. Thus, the Court can find no indication that it committed clear error in finding that Washington law does not allow for recovery of emotional distress damages arising from wrongful garnishment.

Plaintiff also provides additional deposition testimony from another case involving Suttell & Filer. ECF No. 66-1. However, the depositions in question were taken in 2010, and there is no indication that they were only recently discovered by Plaintiff or could not have been discovered with reasonable diligence; accordingly the Court declines to consider them. *See Zimmerman,* 255 F.3d at 740. The Court likewise fails to find that the Ms. Genschorck's declaration

ORDER DENYING PLAINTIFF'S MOTION OF RECONSIDERATION ~ 8

provides new evidence unavailable at the time the motion for summary judgment was filed. ECF No. 66-3. Nor is the exhibit concerning the superior court's denial of reconsideration of its quashing of the writ of garnishment new evidence, as it was provided with Plaintiff's original complaint in this Court. ECF No. 66-2; ECF No. 1.

Finally, Plaintiff reiterates its argument that the Washington Collection Agency Act (WCAA) was violated and provides a remedy. ECF No. 66 at 19. The Court reiterates its finding that the WCAA provides no private right of action on its own, and that its remedy is through the Washington Consumer Protection Act (WCPA). Because Suttell & Hammer's actions giving rise to the alleged liability concern its legal practice, such actions do not constitute trade and commerce as required under the WCPA. Nor does the Court find persuasive Plaintiff's tardy argument that the WCAA provides for "an injunction and declaratory judgment precluding anyone from collecting any amount not principle from Mrs. Genschorck." ECF No. 66 at 21 (citing RCW 19.16.450). Plaintiff failed to make this argument in her complaint, and only mentioned it as an aside in her motion for summary judgment, ECF No. 41 at 2-3 ("the remedy is through the Washington Consumer Protection Act, RCW 19.16.440 with additional remedies in the WCAA including but not limited to…RCW 19.16.460 (injunction)"). Accordingly, the Court will not further consider it here.

ORDER DENYING PLAINTIFF'S MOTION OF RECONSIDERATION ~ 9

1  **ACCORDINGLY, IT IS HEREBY ORDERED:**

2  Plaintiff's Motion for Reconsideration (ECF No. 66) is **DENIED**.

3  The District Court Executive is hereby directed to enter this Order and

4  provide copies to counsel.

5  **DATED** January 16, 2014.



THOMAS O. RICE
United States District Judge

ORDER DENYING PLAINTIFF'S MOTION OF RECONSIDERATION ~ 10